IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **MICHAEL J. SNELLING, JR,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| VS. | : | NO. 5:22-CV-00153-MTT-CHW |
| | : | |
| **GEORGIA DEPARTMENT OF CORRECTIONS,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## ORDER

Presently pending before the Court is a Complaint filed by *pro se* Plaintiff Michael J. Snelling, Jr., an inmate currently housed at the Hays State Prison in Trion, Georgia, seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). On May 3, 2022, Plaintiff was ordered to recast his Complaint on the Court's standard form and submit a proper and complete motion for leave to proceed *in forma pauperis*. Plaintiff was given fourteen (14) days to comply, and he was warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of his Complaint. *See generally* Order, May 3, 2022, ECF No. 4.

Plaintiff subsequently filed a letter referencing several of his cases and advised the Court that he was not receiving his mail on time. Letter 1, May 23, 2022, ECF No. 5. The Court liberally construed Plaintiff's letter as a motion for an extension of time to comply with the Court's May 3, 2022 Order and provided Plaintiff with an additional fourteen (14) days to comply. Plaintiff was again reminded that the failure to timely and fully comply

with the Court's orders and instructions would result in the dismissal of his Complaint. *See generally* Order, May 24, 2022, ECF No. 6.

The time for compliance passed without a proper response from Plaintiff.[1] As such, Plaintiff was ordered to respond and show cause why his case should not be dismissed for the failure to comply with the Court's orders and instructions. Plaintiff was again given fourteen (14) days to respond, and he was warned that the failure to respond would result in the dismissal of his Complaint. *See generally* Order, June 24, 2022, ECF No. 8.

The time for compliance has again passed without a response from Plaintiff. Because Plaintiff has failed to comply with the Court's orders and instructions and otherwise failed to diligently prosecute his claims, this action is **DISMISSED without prejudice**. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).[2]

---

[1] Plaintiff did submit a document (construed as a motion) which again referenced Plaintiff's other cases and made claims about mail delays and other wrongdoing at various prisons where Plaintiff has been confined (ECF No. 7). That motion did not request any specific relief, nor did it address the Court's order to recast and file a proper motion for leave to proceed *in forma pauperis*.

[2] There is a chance that the applicable statute of limitations has run or is about to run on at least some of Plaintiff's claims. "[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)). If this dismissal is effectively with prejudice, dismissal is nonetheless appropriate because "a clear record of delay or willful misconduct exists, and . . . lesser sanctions are inadequate to correct such conduct." *Stephenson*, 554 F. App'x at 837 (citations omitted). The Court ordered plaintiff to comply with its orders and instructions on more than one occasion and specifically warned Plaintiff each time that failure to comply would result in dismissal of this action. Thus, even though this dismissal is intended to be without prejudice, dismissal with prejudice would also be appropriate. *See Hickman v. Hickman*, 563 F. App'x 742, 744 (11th Cir. 2014) (per curiam) (upholding

**SO ORDERED**, this 27th day of July, 2022.

                S/ Marc T. Treadwell

                MARC T. TREADWELL, CHIEF JUDGE
                UNITED STATES DISTRICT COURT

---

*sua sponte* dismissal with prejudice for failure to properly respond to the district court's order); *Eades v. Ala. Dep't of Human Res.*, 298 F. App'x 862, 864 (11th Cir. 2008) (per curiam) (same).